UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAULIUS SIMOLIUNAS,

          CASE NO. 06-11465

    Plaintiff,

v.

          HONORABLE PAUL V. GADOLA
          U.S. DISTRICT JUDGE

CITY OF DETROIT,

    Defendant.
_____/

## **ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION**

Now before this Court are the parties' cross-motions for summary judgment, the report and recommendation of Magistrate Judge Steven D. Pepe, and Plaintiff's objections to the report and recommendation. Magistrate Judge Pepe recommended that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted. For the reasons stated below, the Court will overrule the objections and accept and adopt the report and recommendation as the order and opinion of the Court.

This cause of action arises out of the alleged discriminatory treatment of Plaintiff, a City of Detroit employee. Plaintiff is a seventy-two year old white male that alleges that based upon his age he was improperly reassigned to work in a different department where he was forced to assume new duties. Plaintiff claims this is a violation of his rights under the Age Discrimination in Employment Act of 1967 ("ADEA"). Defendant argues that the rotation of Plaintiff from the Support Group of the Waste Water Treatment Plant to the Detroit Water and Sweage Department's Maintenance Group was completed as part of a comprehensive plan to eliminate

on-going workplace discrimination against male, African-American employees. Accordingly, Defendant created a program in which the employees of several departments are required to participate in a work rotation. Plaintiff admits that several of the standard requirements of his new job duties were waived by Defendant due to certain medical restrictions set forth by Plaintiff's doctor. Plaintiff does not dispute that as a result of the reassignment, his pay, benefits, work hours, and title, all remained the same.

Plaintiff's objects to the report and recommendation on three grounds.[1] First, Plaintiff argues that, contrary to the magistrate judge's finding, he has satisfied the third prong of the McDonnell Douglas framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In particular, Plaintiff argues that he has established that he suffered an adverse employment action. Plaintiff asserts in this regard that he was not replaced by an African-American employee, but instead by an Indian-American employee. Second, Plaintiff argues that the "Squire Report," the 1997 report resulting from the city's investigation into alleged workplace discrimination against African-Americans was never implemented. He argues that because the recommendations of the report were not implemented, the City has used this report as a mere pretext for the city's age discrimination against Plaintiff. Finally, Plaintiff argues that despite the magistrate judge's conclusion, Plaintiff listed "many adverse effects" of the required reassignment.

---

[1] The entire text of Plaintiff's objections constitute approximately one and one-half pages of handwritten text, separated into three paragraphs. Although the objections are somewhat vague, because Plaintiff is proceeding *pro-se*, the Court has liberally construed the objections so as to do substantial justice in adjudicating the claims presented. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court's standard of review for a magistrate judge's report and recommendation depends upon whether a party files objections. If a party does not object to the report and recommendation, the Court need not conduct a review by any standard. See *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the report and recommendation, the Court reviews those portions *de novo*. *Id.* at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the magistrate judge. *See Lardie*, 221 F. Supp. 2d at

807. If a Court accepts a report and recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the report and recommendation. *See id.*; 12 Wright, Federal Practice § 3010.2. Because Plaintiff has filed objections to the magistrate judge's report and recommendation, this Court will review those portions of the record *de novo*.

In the present case, Plaintiff has presented no justification to reject the report and recommendation. Plaintiff insists that he has suffered many adverse effects due to the implementation of the rotation. However, there is no evidence in the record to substantiate this claim. Instead, the record reveals that Plaintiff retained his job title, salary, benefits, and work schedule. "Reassignments without changes in salary, benefits, title, or work hours usually do not constitute adverse employment actions." *Policastro v. Northwest Airlines, Inc.,* 297 F.3d 535, 539 (6th Cir. 2002) (citing *Kocsis v. Multi-Care Mgmt., Inc.,* 97 F.3d 876, 885, 886 (6th Cir. 1996)) Furthermore, Defendant accommodated the restrictions set forth by Plaintiff's physician, exempting him from many of his new duties after he was rotated.

Additionally, even assuming arguendo that Plaintiff established a prima facie case of age discrimination, Defendant has presented a legitimate, nondiscriminatory reason for the workplace restructuring. Defendant has demonstrated that the rotations were established in an effort to eliminate workplace race-based discrimination. Defendant has also demonstrated that, as part of the work rotation plan, Plaintiff was not singled out in any way due to his age. Absent any facts that Defendant's decision was motivated by Plaintiff's age, Plaintiff's claims must fail.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that Plaintiff's objections [docket entry # 34] to the report and recommendation are overruled.

**IT IS FURTHER ORDERED** that Magistrate Judge Steven D. Pepe's report and recommendation [docket entry # 33] is **ACCEPTED AND ADOPTED** as the opinion and order of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry # 27] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry # 29] is **GRANTED**.

**SO ORDERED.**

Dated: __March 20, 2008__                    s/Paul V. Gadola
                                             HONORABLE PAUL V. GADOLA
                                             UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on __March 20, 2008__, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: __Valerie A. Colbert-Osamuede__, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: __Saulius Simoliunas__.

                                             s/Ruth A. Brissaud
                                             Ruth A. Brissaud, Case Manager
                                             (810) 341-7845